IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | | |
|---|---|---|
| ANTONIO PORTER, | : | HABEAS CORPUS |
| GDC No. 1076008, | : | 28 U.S.C. § 2254 |
|    Petitioner pro se, | : | |
| | : | |
| v. | : | |
| | : | |
| GREGORY MCLAUGHLIN, | : | CIVIL ACTION NO. |
|    Respondent. | : | 1:12-CV-3450-WSD-WEJ |

## FINAL REPORT AND RECOMMENDATION

This matter is before the Court on Antonio Porter's pro se "Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254" (Pet. [1]), Gregory McLaughlin's "Answer-Response" (Resp. [6]), and Mr. Porter's "Brief in Support of Petition for Writ of Habeas Corpus" (Br. [9]). For the following reasons, the undersigned **RECOMMENDS** that (A) Mr. Porter's Petition be **DENIED** and (B) a certificate of appealability be **DENIED**.

On direct appeal, Mr. Porter challenged only the sufficiency of the evidence to support his convictions. The entire text of the Georgia Supreme Court's decision in Mr. Porter's direct appeal is reprinted below.

AO 72A
(Rev.8/82)

Following a jury trial, Antonio Porter appeals his conviction for the murder of Branden King, contending that the evidence was insufficient to support the jury's verdict.[1]  We affirm.

Viewed in the light most favorable to the verdict, the record shows that, on the afternoon of September 20, 2004, King was outside his apartment building arguing with his girlfriend.  Porter, who was sitting nearby on a black Thunderbird-model car and wearing a blue San Diego Chargers jersey, intervened.  He told King to calm down so that they would not attract police to the area.  King confronted Porter, and Porter left.

Later that night, Porter was again sitting on the Thunderbird and wearing a blue jersey, and King was nearby.  Porter, unprovoked, got off the car and ran toward King while firing a gun at him.  King was hit at least four times and died of gunshot wounds to the head, torso, and right upper extremity.  Porter then fled the scene.  Two eyewitnesses saw Porter firing the shots at King and positively

---

[1] On April 29, 2005, Porter was indicted in Fulton County for malice murder, two counts of felony murder, aggravated assault with a deadly weapon, possession of a firearm during the commission of a crime, and possession of a firearm by a convicted felon. Following a jury trial held on October 3-6, 2006, Porter was found guilty on all counts.  Porter was thereafter sentenced to life imprisonment for malice murder and five consecutive years for possession of a firearm during the commission of a crime.  The convictions for felony murder were vacated by operation of law, *Malcolm v. State*, 263 Ga. 369 (4) (434 SE2d 479) (1993), and the remaining charges were merged with the murder conviction for purposes of sentencing.  Porter filed a motion for new trial on October 19, 2006.  The motion was denied on October 30, 2008.  His appeal was docketed in this Court on December 17, 2008, and submitted for decision on the briefs.

>  identified Porter at trial as the shooter.  Other witnesses saw Porter–wearing a blue jersey–flee the scene after the gunshots.
>
>  The evidence was sufficient to enable a rational trier of fact to find Porter guilty of all the crimes for which he was convicted. *Jackson v. Virginia*, 443 U.S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Hampton v. State*, 272 Ga. 284, 285 (1) (527 SE2d 872) (2000) ("[R]esolving evidentiary conflicts and inconsistences, and assessing witness credibility, are the province of the factfinder, not this Court. [Cit.]").

Porter v. State, 677 S.E.2d 130, 130-31 (Ga. 2009) (footnote included).

Mr. Porter's state habeas corpus petition stated two grounds for relief based on alleged ineffective assistance of his appellate counsel. (See Resp. Ex. 1 [7-1]; Resp. Ex. 2 [7-2].) The state habeas court denied relief on both grounds (see Resp. Ex. 3 [7-3]), and the Georgia Supreme Court denied Mr. Porter a certificate of probable cause to appeal (see Resp. Ex. 5 [7-5]).

In his federal Petition, Mr. Porter restates the sufficiency of the evidence claim he made on direct appeal and the two ineffective assistance of appellate counsel claims that he raised in the state habeas proceedings. (See Pet. ¶¶ 12.A.-C.) Because each of these claims was adjudicated on the merits in state court, Mr. Porter is entitled to federal habeas relief only if he can demonstrate that the state courts' decisions were "contrary to, or involved an unreasonable application of, clearly established Federal

3

law, as determined by the Supreme Court of the United States" or " resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings." 28 U.S.C. § 2254(d)(1)-(2). Mr. Porter further "bears the burden of rebutting the state court's factual findings 'by clear and convincing evidence.'" Burt v. Titlow, 134 S. Ct. 10, 11 (2014) (quoting 28 U.S.C. § 2254(e)(1)).  Because "habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction, . . . a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Harrington v. Richter, 131 S. Ct. 770, 786-87 (2011) (quoting Jackson v. Virginia, 443 U.S. 307, 332 n. 5 (1979) (Stevens, J., concurring in judgment)).

Turning to Mr. Porter's first ground for relief regarding the sufficiency of the evidence, it is clear both that the Georgia Supreme Court appropriately applied the Jackson v. Virginia standard and that its factual findings are adequately grounded in the trial record which supported its factual findings that "[t]wo eyewitnesses saw Porter firing the shots at King and positively identified Porter at trial as the shooter[,

4

and other] witnesses saw Porter–wearing a blue jersey–flee the scene after the gunshots." Porter, 677 S.E.2d at 130.[2]  Furthermore, Mr. Porter has not identified in either his Petition or Brief any "clear and convincing evidence" that he has previously adduced or might now adduce that would demonstrate otherwise.  Mr. Porter is not entitled to federal habeas relief on this ground.

Mr. Porter's second and third grounds for relief allege ineffective assistance of appellate counsel, based on counsel's refusal to challenge (A) the trial court's decision not to exclude mention by the prosecution during trial of Mr. Porter's prior cocaine trafficking conviction (the "Exclusion Claim") and (B) trial counsel's decision not to seek bifurcation of trial on the charge that Mr. Porter was a felon in possession of a firearm (the "Bifurcation Claim").  Mr. Porter argues that no competent appellate attorney would have failed to raise the Exclusion Claim and the Bifurcation Claim either in his motion for a new trial or on direct appeal.

Here, the state habeas court applied the correct Supreme Court precedent: Strickland v. Washington, 466 U.S. 668 (1984).  Strickland provides that:

---

[2]  In addition to the eyewitness identifications discussed by the Georgia Supreme Court, there was considerable additional evidence presented at trial supporting the jury's verdict that Mr. Porter committed each of the crimes for which he was convicted.

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction . . . has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the *Sixth Amendment*. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable.

Strickland, 466 U.S. at 687.

In this case, Mr. Porter has not demonstrated that the state habeas court's denial of his two ineffective assistance of appellate counsel claims was contrary to or an unreasonable application of Strickland. First, Mr. Porter's counsel did not act deficiently. Although Mr. Porter posits that Georgia law required the trial court to exclude any reference to his prior cocaine trafficking conviction and that Georgia law required the trial court to bifurcate trial on the possession of a firearm by a convicted felon charge (upon counsel's request), neither of these assertions is true. Under Georgia law, where being a felon in possession of a firearm "is the underlying felony for a felony murder count . . . , the prior conviction [is] relevant to the felony murder count, and it [is] not necessary for the trial court to sever the possession count."

Burgess v. State, 602 S.E.2d 566, 568 (Ga. 2004); see also Herring v. State, 588 S.E.2d 711, 713 (Ga. 2003) ("Where, as here, possession of a firearm by a convicted felon is the felony supporting a charge of felony murder, it is material to the murder charge and bifurcation is not required and appellant's character is not impermissibly placed in issue."). In Mr. Porter's case, the prosecution charged him, among other things, with felony murder where the underlying felony was being a felon in possession of a firearm. See Porter, 677 S.E.2d at 130 n.1. Consequently, it was not error for the trial court to permit the prosecution to refer to, as part of its case-in-chief, Mr. Porter's prior cocaine trafficking conviction, which was part-and-parcel of the charge that he was a convicted felon in possession of a firearm, which in turn was the felony underlying–and therefore material to–one of the two felony murder counts. Both the trial court's and trial counsel's actions with respect to the Exclusion Claim and the Bifurcation Claim were appropriate, and appellate counsel did not perform deficiently when he declined to challenge those actions.[3]

---

[3] "Because state courts are the ultimate expositors of state law, [federal courts] are bound by state-court determinations on state-law questions." Jones v. GDCP Warden, No. 11-14774, 2014 U.S. App. LEXIS 5262, at *57 (11th Cir. Mar. 20, 2014) (citing cases). Mr. Porter has offered no citations to federal case law that would suggest that his Exclusion Claim or Bifurcation Claim raise any independent federal constitutional law issue, i.e., any federal claim separate and apart from his claim that his appellate counsel violated his Sixth Amendment right to counsel by failing to raise

Second, even if Georgia law supported Mr. Porter and this Court were to conclude that his appellate attorney performed deficiently by not raising the Exclusion Claim and the Bifurcation Claim, Mr. Porter has not alleged any basis for finding prejudice, which is the second requirement of an ineffective assistance of counsel claim.  In elaborating on the prejudice requirement, the Supreme Court noted that:

> [A]ctual ineffectiveness claims alleging a deficiency in attorney performance are subject to a general requirement that the defendant affirmatively prove prejudice.  The government is not responsible for, and hence not able to prevent, attorney errors that will result in reversal of a conviction or sentence. Attorney errors come in an infinite variety and are as likely to be utterly harmless in a particular case as they are to be prejudicial. . . .  The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome.

Strickland, 466 U.S. at 694-95.

Thus, "[w]hen a defendant challenges a conviction, the question is whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt" and "[i]n making this determination, a court hearing an ineffectiveness claim must consider the totality of the evidence before the

---

the Exclusion Claim and Bifurcation Claim as Georgia law issues.  Indeed, he expressly stated that those claims arose under "Georgia statutory law," (Br. at 5), and "longstanding Georgia precedent," (Br. at 9), respectively.

judge or jury." Id. at 695.  In Mr. Porter's case, "[t]wo eyewitnesses saw Porter firing the shots at King and positively identified Porter at trial as the shooter[, and other] witnesses saw Porter–wearing a blue jersey–flee the scene after the gunshots." Porter, 677 S.E.2d at 130.  As noted above, there is considerable additional evidence in the trial record supporting Mr. Porter's convictions on each charge.  See supra n. 2. Indeed, the jury deliberated less than three hours before concluding that there was no reasonable doubt that Mr. Porter was guilty on all six counts.  See (Resp. Ex. 9, Part 2 [8-10] at 28 (deliberations commenced at 9:00 a.m.); id. at 31 (deliberations concluded before 10:50 a.m.).)  Based on the totality of the evidence, there is no reasonable probability in this case that the jury would have had a reasonable doubt respecting guilt if the prosecution's mention of Mr. Porter's cocaine trafficking conviction had been excluded and the felon in possession of a firearm charge been bifurcated (and there is no reasonable likelihood that Mr. Porter would have prevailed on such claims if presented in his motion for a new trial or direct appeal).  Even if the Court were to assume that appellate counsel's performance was deficient, Mr. Porter did not suffer actual prejudice.

      The Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." 28 U.S.C. foll. § 2254, Rule 11(a).  A § 2254

9

petitioner "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a § 2254 petitioner must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (citations and quotation marks omitted). Mr. Porter has not demonstrated that he is entitled to federal habeas relief or that any ground for relief that he raised is reasonably debatable.

Accordingly, the undersigned **RECOMMENDS** that (A) Mr. Porter's Petition be **DENIED** and (B) a certificate of appealability be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral of this case to the undersigned.

**SO RECOMMENDED**, this 21st day of April, 2014.


_____
WALTER E. JOHNSON
UNITED STATES MAGISTRATE JUDGE