IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ANTONIO PORTER,

            Plaintiff,

v.

GREGORY MCLAUGHLIN,

            Defendant.

1:12-cv-3450-WSD

# OPINION AND ORDER

This matter is before the Court on Magistrate Judge Walter E. Johnson's Final Report and Recommendation [11] ("R&R"), recommending denial of Petitioner Antonio Porter's ("Porter") Petition for Writ of Habeas Corpus [1] ("Habeas Petition").

## I. BACKGROUND

Porter, on direct appeal in Georgia state court, challenged the sufficiency of the evidence to support his murder conviction. The Georgia Supreme Court's decision in Porter's direct appeal follows in its entirety:

Following a jury trial, Antonio Porter appeals his conviction for the murder of Branden King, contending that the evidence was insufficient to support the jury's verdict.[1]  We affirm.

Viewed in the light most favorable to the verdict, the record shows that, on the afternoon of September 20, 2004, King was outside his apartment building arguing with his girlfriend.  Porter, who was sitting nearby on a black Thunderbird-model car and wearing a blue San Diego Chargers jersey, intervened.  He told King to calm down so that they would not attract police to the area.  King confronted Porter, and Porter left.

Later that night, Porter was again sitting on the Thunderbird and wearing a blue jersey, and King was nearby.  Porter, unprovoked, got off the car and ran toward King was firing a gun at him.  King was hit at least four times and died of gunshot wounds to the head, torso, and right upper extremity.  Porter then fled the scene.  Two eyewitnesses saw Porter firing the shots at King and positively identified Porter at trial as the shooter.  Other witnesses saw Porter—wearing a blue jersey—flee the scene after the gunshots.

---

[1]  On April 29, 2005, Porter was indicted in Fulton County for malice murder, two counts of felony murder, aggravated assault with a deadly weapon, possession of a firearm during the commission of a crime, and possession of a firearm by a convicted felon.  Following a jury trial held on October 3-6, 2006, Porter was found guilty on all counts.  Porter was thereafter sentenced to life imprisonment for malice murder and five consecutive years for possession of a firearm during the commission of a crime.  The convictions for felony murder were vacated by operation of law, *Malcolm v. State*, 263 Ga. 369(4), 434 S.E.2d 479 (1993), and the remaining charges were merged with the murder conviction for purposes of sentencing.  Porter filed a motion for new trial on October 19, 2006.  The motion was denied on October 30, 2008.  His appeal was docketed in this Court on December 17, 2008, and submitted for decision on the briefs.

2

> The evidence was sufficient to enable a rational trier of fact to find Porter guilty of all the crimes for which he was convicted. *Jackson v. Virginia*, 443 U.S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Hampton v. State*, 272 Ga. 284, 285 (1) (527 SE2d 872) (2000) ("[R]esolving evidentiary conflicts and inconsistencies, and assessing witness credibility, are the province of the factfinder, not this Court. [Cit]").

Porter v. State, 677 S.E.2d 130, 130-31 (Ga. 2009) (footnote included).

Porter's state habeas petition stated grounds for relief based on ineffective assistance of his appellate counsel. (See Resp. Ex. 1 [7-1]; Resp. Ex. 2 [7-2]). The state habeas court denied relief, (see Resp. Ex. 3 [7-3]), and the Georgia Supreme Court denied Porter a certificate of probable cause to appeal (see Resp. Ex. 5 [7-5]).

On October 3, 2012, Porter, *pro se*, filed his Habeas Petition in this Court. In it, he restates the sufficiency of the evidence claim he made on direct appeal and the two ineffective assistance of appellate counsel claims he raised in the state habeas proceedings. (See Pet. ¶¶ 12.A.-C.).

On April 21, 2014, the Magistrate Judge issued his R&R, recommending denial of Porter's Habeas Petition. The Magistrate found that Porter is not entitled to federal habeas relief because he cannot demonstrate that the state courts' decisions were contrary to, or involved an unreasonable application of, clearly

3

established federal law. (R&R at 3-4). On May 15, 2014, Porter filed his objections (the "Objections") to the R&R. The Objections are conclusory arguments restating Porter's sufficiency of the evidence and ineffective assistance of counsel claims. (See Obj. [13] at 2-3).

## II. DISCUSSION

### A. Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). If no party has objected to the report and recommendation, a court conducts only a plain error review of the record. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam). Although Porter's Objections to the R&R are barely specific, in light of his *pro se* status, the Court conducts a *de novo* review of the findings and recommendations in the R&R. See Slay, 714 F.2d at 1095.

B.     Analysis

Because Porter's claims were adjudicated on the merits in state court, he is entitled to federal habeas relief only if he can demonstrate that the state courts' decisions were "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulting in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings."  28 U.S.C. § 2254(d)(1)-(2).  Porter "bears the burden of rebutting the state court's factual findings 'by clear and convincing evidence.'"  Burt v. Titlow, ––– U.S. –––, 134 S. Ct. 10, 11 (2014) (quoting 28 U.S.C. § 2254(e)(1)).  Because "habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction, . . . a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."  Harrington v. Richter, 562 U.S. 86, 102 (2011) (quoting Jackson v. Virginia, 443 U.S. 307, 332 n.5 (1979) (Stevens, J., concurring in judgment)).

5

Porter claims that the "evidence adduced at trial was insufficient to convince a rational trier of fact beyond a reasonable doubt of Petitioner's guilt," and that the "Georgia Supreme Court's adjudication of this ground on the merits resulted in a decision contrary to, or involved an unreasonable application of, Jackson v. Virginia, 443 U.S. 307 (1979)." (Pet. Br. [9] at 2). The Magistrate found that the Georgia Supreme Court appropriately applied the Jackson standard. Porter's Objections restate the conclusory language he used in his brief in support of his Habeas Petition. (Obj. at 2).

The Court agrees with the Magistrate that the Georgia Supreme Court appropriately applied the Jackson standard, and that its factual findings are adequately grounded in the trial record which supported its factual findings that "[t]wo eyewitnesses saw Porter firing the shots at King and positively identified Porter at trial as the shooter[, and other] witnesses saw Porter—wearing a blue jersey—flee the scene after the gunshots." Porter, 677 S.E.2d at 131. The Magistrate noted that, in addition to the eyewitnesses, "there was considerable additional evidence presented at trial supporting the jury's verdict that Mr. Porter committed each of the crimes for which he was convicted." (R&R at 5 n.2).

Porter has not identified any evidence—let alone "clear and convincing evidence"—that would demonstrate otherwise.

Porter next claims ineffective assistance of appellate counsel. He argues that he is entitled to relief because his appellate counsel refused to challenge (A) the trial court's decision not to exclude mention by the prosecution during trial of Porter's prior cocaine trafficking conviction (the "Exclusion Claim") and (B) trial counsel's decision not to seek bifurcation of trial on the charge that Porter was a felon in possession of a firearm (the "Bifurcation Claim"). (Pet. Br. at 3-13). Porter agues no reasonable appellate attorney would have failed to raise the claims in a motion for a new trial or on direct appeal.

> In Strickland v. Washington, the Supreme Court held that:
>
> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction . . . has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable.

466. U.S. 668, 687 (1984).

The Magistrate found that Porter "has not demonstrated that the state habeas court's denial of his two ineffective assistance of appellate counsel claims was contrary to or an unreasonable application of Strickland." (R&R at 6). He also found that Porter "has not alleged any basis for finding prejudice." (Id. at 8). Porter's Objections to the R&R largely restate the legal standards for an ineffective assistance of counsel claim. (Obj. at 2-3).

The Court agrees with the Magistrate Judge that Georgia law did not require the trial court to exclude any reference to Porter's prior cocaine trafficking conviction, and did not require the court to bifurcate trial on the possession of a firearm by a convicted felon charge. Where being a felon in possession of a firearm is "the underlying felony for a felony murder count . . . , the prior conviction [is] relevant to the felony murder count, and it [is] not necessary for the trial court to sever the possession count." Burgess v. State, 602 S.E.2d 566, 568 (Ga. 2004). Appellate counsel therefore did not perform deficiently when he declined to challenge the Exclusion Claim and Bifurcation Claim. Because all of Porter's grounds for relief fail, the Court is required to deny his Habeas Petition.

Even if the Court found Porter's claims meritorious, his Habeas Petition would be required to be denied because he has not alleged any basis for finding prejudice. Strickland requires that:

> [A]ctual ineffectiveness claims alleging a deficiency in attorney performance are subject to a general requirement that the defendant affirmatively prove prejudice. The government is not responsible for, and hence not able to prevent, attorney errors that will result in reversal of a conviction or sentence. Attorney errors come in an infinite variety and are as likely to be utterly harmless in a particular case as they are to be prejudicial. . . . The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

466 U.S. at 694-95.

Here, "[t]wo eyewitnesses saw Porter firing the shots at King and positively identified Porter at trial as the shooter[, and other] witnesses saw Porter—wearing a blue jersey—flee the scene after the gunshots." Porter, 677 S.E.2d at 131. As the Magistrate noted, "the jury deliberated less than three hours before concluding that there was no reasonable doubt that Mr. Porter was guilty on all six counts." (R&R at 9). The Court agrees that, "[b]ased on the totality of the evidence, there is no reasonable probability in this case that the jury would have had a reasonable doubt respecting guilt if the prosecution's mention of Mr. Porter's cocaine

9

trafficking conviction had been excluded and the felon in possession of a firearm charge been bifurcated." (Id.) Porter's Habeas Petition is required to be denied for this reason as well.

Rule 11(a) of the Rules Governing Section 2254 Cases provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A Section 2254 petitioner "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a Section 2254 petitioner must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (citations and quotation marks omitted).

The Court agrees with the Magistrate that Porter has not demonstrated that he is entitled to federal habeas relief or that any ground for relief that he raised is

10

reasonably debatable. Accordingly, the Court must deny a certificate of appealability.

## III.   CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Petitioner's Objections [13] are **OVERRULED**.

**IT IS FURTHER ORDERED** that Magistrate Judge Walter E. Johnson's Final Report and Recommendation [11] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Petitioner Antonio Porter's Petition for Writ of Habeas Corpus [1] is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**SO ORDERED** this 20th day of October, 2015.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE